```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JEFFREY E. PERELMAN, et al.   :    CIVIL ACTION
                              :
            v.                :
                              :
                              :
RAYMOND G. PERELMAN AND       :
RONALD PERELMAN               :    NO. 09-4792
```

MEMORANDUM

McLaughlin, J.                              December 21, 2012


        This lawsuit arises out of a series of financial
transactions that occurred over twenty-two years ago between the
plaintiff Jeffrey Perelman and the defendant Raymond Perelman.
The plaintiff and defendant are father and son; the transactions
at issue involve the son's acquisition of several companies from
his father and the subsequent formation of a trust to benefit
the son's daughter. Jeffrey Perelman, the son, initiated this
lawsuit seeking a declaratory judgment that his father did not
have any viable legal claims based on these transactions. He
also brings a related defamation claim against his father and
his brother, Ronald Perelman.

        The defendant, Raymond Perelman, now seeks leave from the
Court to file an amended answer with new counterclaims under
Fed. R. Civ. P. 15(a)(2).  The Court denies the defendant's

motion on the ground that filing the amended counterclaims would be futile.

I.    Factual and Procedural History

        The Court has stated at length the facts of the dispute from which this lawsuit arises in the memorandum accompanying its Order of February 12, 2010 (Docket No. 23).  To briefly summarize, in 1990, Raymond and Jeffrey engaged in a series of transactions in which considerable business assets were transferred from Raymond's companies to Jeffrey's companies. Following the transactions, Raymond has claimed that Jeffrey's actions, specifically the manner in which he formed the Alison R. Perelman Trust, failed to conform to the parties' agreement at the time of the transaction.

        Two lawsuits related to this nucleus of facts were filed on the same day, one in state court in the Court of Common Pleas of Philadelphia County ("State Court Action") and one in federal court in the Eastern District of Pennsylvania (the instant action).  The State Court Action was instituted by Raymond Perelman against Jeffrey Perelman on October 19, 2009 by way of writ of summons.  The complaint, which was filed under seal on October 27, 2009, consisted of six counts:  Counts I, II, and III allege claims of breach of contract, fraud, and conversion;

2

Counts IV, V, and VI request the state court to impose an
express trust, a resulting trust, and/or a constructive trust
upon the business interests.  St. Ct. Compl. at 9-13.

The instant action's original complaint was also filed on
October 19, 2009 (Docket No. 1).  It names as plaintiffs Jeffrey
Perelman, suing both individually and as trustee of the Allison
R. Perelman Trust, Frank Katz, suing in his capacity as co-
trustee of the trust, and JEP Management, Inc., a management
company.  The amended complaint, filed on November 12, 2009,
states two causes of action.  First, the plaintiffs together
seek a declaratory judgment that Raymond had no viable claim
against the plaintiffs relating to the formation and management
of the trust.  Second, Jeffrey Perelman brought a defamation
claim against his father and brother, alleging that they told
others that he had defrauded his father and stolen money from
his daughter (Docket No. 10).

Following the filing of motions to dismiss in the instant
action by Raymond and Ronald in November 2009 (Docket Nos. 11,
13), and the Court's subsequent denial of both motions in
February 2010 (Docket Nos. 23-24), Raymond filed an answer to
the amended complaint with counterclaims on March 19, 2010
(Docket No. 39).  These counterclaims sought the creation of an
express inter vivos trust, reformation, accounting, an

3

injunction to enjoin the trustees of the Jeffrey Trust, breach of contract, and promissory estoppel.

On March 25, 2010, the trial court in the State Court Action granted Jeffrey's preliminary objections based upon its application of the parol evidence rule.  As a result, it dismissed the claim.  Raymond sought appeal of the trial court's decision to Pennsylvania Superior Court.

In the federal action, Jeffrey moved to dismiss Raymond's counterclaims on grounds of res judicata and collateral estoppel as to the State Court Action (Docket No. 45).  Jeffrey also moved to stay the federal court action pending the state court appeal.

On June 28, 2010, the Court issued an order in the instant action, placing the case in civil suspense pending the Superior Court's resolution of Raymond's appeal of the State Court Action (Docket No. 69).

On September 1, 2011, the Pennsylvania Superior Court affirmed the lower court's decision in the State Court Action. Pl. Opp. exh. 1 (Super. Ct. No. 953 EDA 2010).  Then, on April 24, 2012, the Pennsylvania Supreme Court denied Raymond's petition for certiorari, thus bringing the State Court Action to a final resolution.  Id. at exh. 8 (Sup. Ct. No. 675 EAL 2011).

4

On September 24, 2012, Raymond Perelman moved to remove the instant action's stay on the ground that the State Court Action had concluded (Docket No. 79).  In the same motion, Raymond moved for leave to file an amended answer, which would replace the previous counterclaims with three new ones.[1]  The Court granted the request to lift the stay, and stated that it would await opposition from the plaintiff before issuing a decision as to the amended answer (Docket No. 80).  Jeffrey Perelman filed a brief in opposition on October 25, 2012. Raymond did not submit a reply, and the time for submitting a reply expired on November 5, 2012.

The Court now considers whether to grant leave to Raymond Perelman to file an amended answer.

II.  <u>Standard for Granting Leave to Amend</u>

Under Federal Rule of Civil Procedure 15(a)(2), a court shall "freely" grant a leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  District courts have substantial discretion to deny requests on the basis of 1) undue delay, bad faith or dilatory motives; 2) if the amendment would

---

[1] The Court notes here that the second of the three proposed counterclaims involves a set of facts related to the death certificate of Ruth Perelman, Raymond's wife and Jeffrey's mother, which had not previously been at issue in the instant lawsuit.  The Court will summarize these facts in Part III.B.

be futile; or 3) if the amendment would prejudice the other
party.  Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).  The
non-moving party bears the burden of showing why the amendment
should not be granted.  Senza-Gel Corp. v. Seiffhart, 803 F.2d
661, 666 (Fed. Cir. 1986).

### III. Analysis

Raymond seeks to assert three counterclaims to Jeffrey's
amended complaint:

1) A claim seeking a declaratory judgment that Raymond
   cannot be liable for defamation due to the statements'
   truthfulness – that it is true that Jeffrey defrauded his
   father into transferring ownership.

2) A second claim seeking a declaratory judgment that
   Jeffrey procured a false and misleading amended death
   certificate for his mother Ruth Perelman.

3) A claim for equitable recoupment, on the basis of
   Jeffrey's inequitable actions as described in Claim #1,
   seeking to reduce any potential award to Jeffrey on his
   defamation claim.

Jeffrey argues that Raymond should not be granted leave
to file any of these counterclaims because pursuance of the
claims will "necessarily be futile."  Bush v. City of

Philadelphia, 684 F. Supp. 2d 634, 640 (E.D. Pa. 2010); see also Foman v. Davis, 371 U.S. 178, 182 (1962). The Court agrees, and will address each of these proposed counterclaims in turn.

A.    Proposed Amended Counterclaim Count I

Raymond seeks a declaratory judgment that he is not liable for defamation, as asserted by Jeffrey in his amended complaint, because his statements fall under the "truthfulness" exception. The Court finds that allowing this counterclaim would be futile for two reasons.

First, Raymond's requested declaratory judgment raises issues that are already raised in the underlying action, both in Jeffrey's claims and in Raymond's affirmative defenses.  A number of courts have held that when a defendant's request for a declaratory judgment raises issues that are already presented in the defendant's affirmative defenses, resulting in superfluous claims which serve no useful purpose, then the court may elect not to hear the claim.  See, e.g., Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass 2011); Boone v. MountainMade Found., 684 F. Supp. 2d 1, 12 (D.D.C. 2010); Rayman v. People Sav. Corp, 735 F. Supp. 842, 853 (N.D. Ill. 1990).  As the Seventh Circuit has stated, "repetitious and unnecessary pleadings, such as a counterclaim that merely restates an

7

affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown." Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985) (Easterbrook, J.).

The parties agree that Jeffrey's claims and Raymond's proposed counterclaim here stem from a business transaction from 1990. Jeffrey's amended complaint seeks a series of declaratory judgments related to this transaction and asserts a claim of defamation per se, on the ground that Raymond and Ronald Perelman have "published multiple defamatory statements to third-parties in which they have accused Jeffrey of committing fraud in his business dealings and/or stealing from his own daughter." Am. Compl. at 31. Raymond's proposed counterclaim seeks "a declaratory judgment that Raymond did not defame Jeffrey, *as Jeffrey alleges in Count II of the Amended Complaint*." Def. Mot. at 8 (emphasis added).

It is clear that Raymond intends for the counterclaim to address the exact substance behind Jeffrey's original claim. In fact, it describes his first counterclaim in direct relation to Jeffrey's original claims. Raymond's counterclaim seeks the "opposite effect of the complaint." Tenneco Inc., 776 F.2d at 1379. Raymond argues that he is entitled to assert this counterclaim "[b]ecause this stain on Raymond's good name cannot

8

be erased by a mere determination that Jeffrey has failed to make out the legal elements of his cause of action, or that Raymond has a viable affirmative defense."  The Court disagrees. The case can be distinguished from De Lage, in which this Court expressed approval of a contract-based counterclaim with an identical set of facts as the original claim.  De Lage Landen Fin. Servs., Inc. v. Miramax Film Corp., No. 06-2319, 2009 WL 678625, at *7 (E.D. Pa. Mar. 16, 2009).  In De Lage, a judgment in the counterclaimant's favor would have had additional legal repercussions related to how the parties would abide by a contract.  Here, the effect would be nominal and serves no "useful purpose" aside from the symbolic.  See id. ("[A] court should only strike or dismiss declaratory judgment counterclaims as superfluous when it is clear that there is a 'complete identity of factual and legal issues' such that they serve no 'useful purpose.'").

Second, Raymond's sought declaratory judgment would only adjudicate past conduct and would not affect the future behavior of the parties.  The Declaratory Judgment Act cannot be used to obtain declaratory relief solely to adjudicate past conduct or to proclaim that one party is liable to the other based upon that conduct.  Corliss v. O'Brien, 200 Fed. Appx. 80, 84-85 (3d Cir. 2006).  If the declaratory relief sought does not affect

the parties' future conduct, and protect against a future event of "sufficient immediacy," then the claim should be dismissed. Gruntal & Co., Inc. v. Steinberg, 837 F. Supp. 85, 89 (D.N.J. 1993); Hodinka v. Delaware Cnty., 759 F. Supp. 2d 603, 610-11 (E.D. Pa. 2011).

Raymond's brief does not suggest that resolution of his counterclaim will change either parties' future actions; it instead states that "a declaration will be of practical assistance in determining Raymond's legal rights and obligations." Def. Proposed Am. Ans. at 39, Mot. for Leave, Exh. 1. Yet a holding on Jeffrey's defamation claim would be just as helpful in determining these rights and obligations. The Court denies the defendant's motion as to proposed Counterclaim I.

B. Proposed Amended Counterclaim Count II

Next, Raymond Perelman seeks a declaratory judgment that Jeffrey procured a false and misleading amended death certificate for Ruth Perelman. Raymond's proposed amended answer alleges that Jeffrey caused a funeral director to prepare an Amended Death Certificate with incorrect information regarding Ruth's domicile at the time of her death, which could potentially result in increased taxes for Raymond. The issuance

10

of the amended death certificate has been brought to the
attention of several courts and prosecutorial offices, including
state courts in Pennsylvania and Florida.[2]

The Court finds that Raymond has not put forth sufficient
evidence to demonstrate standing for this claim.  See, e.g.,
Reilly v. Ceridian Corp., 664 F.3d 38, 42 (3d Cir. 2011)
("Allegations of 'possible future injury' are not sufficient to
satisfy Article III.").  Raymond asserts he may face increased
taxes as a result of the amended death certificate.  This
reasoning is speculative at best.

In addition, under 28 U.S.C. § 2201, the Court has
discretion in determining whether to accept declaratory judgment
counterclaims.  See, e.g., Zurich, 796 F. Supp. 2d at 246.
Especially in light of the fact that state courts have examined,
or are currently examining, the death certificate issue, the
Court exercises its discretion to decline to accept this
counterclaim.

_____

[2] The issuance of the amended death certificate is the
subject of an appeal in the Orphans' Court Division of the Court
of Common Pleas of Philadelphia County.  Pl. Opp. exh. 16.  In
addition, there is a state declaratory judgment action currently
pending in Florida.  Id. at exh. 18.  Finally, Raymond brought
"private criminal complaints" in Philadelphia County and
Montgomery County, both of which were declined by the respective
district attorneys' offices, and currently has an appeal of the
Montgomery County decision pending.  Id. at exh. 19-20.

C.   <u>Proposed Amended Counterclaim Count III</u>

Finally, Raymond seeks to assert a counterclaim of equitable recoupment.  More specifically, Raymond seeks to offset any possible award to Jeffrey for his defamation claim by the damages Raymond incurred as a result of Jeffrey's inequitable conduct (his fraudulent actions related to the 1990 transaction).  The Court holds that allowing this counterclaim would also be futile.

First, the presence of fraud in the 1990 transaction was central to the 2010 state court decision granting Jeffrey's motion to dismiss, which was affirmed by the Superior Court in September 2011.  Pl. Opp. exh. 1.  As it is proposed here, "equitable recoupment" seems to the Court to be a repackaging of the counterclaims of fraud and breach of contract originally asserted by Raymond and addressed in Jeffrey's amended complaint and Raymond's affirmative defenses.

In <u>Sea-Land Service, Inc. v. United States</u>, the Court of Federal Claims considered a similar issue:  the plaintiff sought to relitigate a finding made in a first action through an application of the doctrine of equitable recoupment in a second action.  No. 473-72, 1979 WL 16490 (Ct. Cl. Jan. 10, 1979).  The court noted that "Plaintiff has not cited a single case where

equitable recoupment has been utilized to set aside the bar of res judicata," and refused to hear the claim.  Id. at *5.

In addition to the res judicata problem, it is likely that Raymond's equitable recoupment claim would fail on the merits.  The doctrine of recoupment is an equitable device that is traditionally used to permit a defense that would otherwise be barred by statute of limitations.  See, e.g., Bull v. United States, 295 U.S. 247, 261 (1935); Silverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28, 32 (3d Cir. 1995).  Here, Raymond asserts no statute of limitations issue.  Raymond's argument does not fit the traditional equitable recoupment situation and that he does not cite to any court cases that use equitable recoupment in this context.  Cf. Sea-Land, 1979 WL 16490, at *5 ("[T]he doctrine of equitable recoupment is really a case law exception to the statute of limitations where the application of the statute would work a palpable injustice.") (internal citations omitted).

Finally, the Court notes that standing may also be problematic.  The purchase agreements in dispute consisted of contracts between Raymond's corporations and Jeffrey's corporations, not the two individuals. Pl. Mot. to Dismiss Counterclaims, exh. 2-14 (Docket No. 45). Corporate officers do not have standing to pursue claims based upon the corporation's

13

contract in the non-derivative context.  Cf. Crawford v. SAP America, Inc., 147 Fed.Appx. 234, 238 (3d Cir. 2005); Borkowski v. Fraternal Order of Police, 155 F.R.D. 105, 113 (E.D. Pa. 1994) ("[T]he president and principal shareholder of a corporation cannot claim damages to a corporation as his own."). Raymond's corporations are not parties in this matter, which is solely against Raymond and Ronald Perelman in their individual capacities.

For a variety of reasons, the Court holds that granting leave to allow Raymond Perelman to file an amended answer and counterclaims would necessarily be futile.  The Court thus exercises its discretion to deny the defendant's request.

An appropriate order shall issue separately.

14